**In re SHARON STEEL CORPORATION,**
**Debtor.**

**Franklin E. AGNEW, III,**
**Trustee, Movant,**

v.

**FRANCHISE TAX BOARD OF the STATE OF CALIFORNIA,**
**Respondent.**

Bankruptcy No. 87–00207E.

Motion No. 90–753.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 27, 1990.

T. Lawrence Palmer, Pittsburgh, Pa., for movant.

Philip E. Beard, Pittsburgh, Pa., for Creditors' Committee.

Harry D. Martin, Evan C. Rudert, Erie, Pa., for respondent.

## AMENDED OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

Franklin E. Agnew, III, Chapter 11 Trustee for Sharon Steel Corporation ("Debtor") filed the within "Application" ("Motion") seeking to have this court decide a tax issue involving the identity of the component members of the Unitary Group which includes the Debtor, for California Franchise Tax purposes. The Franchise Tax Board of the State of California ("Board") has entered a special appearance for the sole purpose of contesting this court's jurisdiction. The Board asserts that it has not waived sovereign immunity under the Eleventh Amendment to the Constitution of the United States as it has not made an assessment nor filed a claim against the Debtor and that we lack jurisdiction under § 505 of the Bankruptcy Code as the decombination of the Debtor's non-debtor subsidiary, Mueller Brass Company, from the Unitary Group has no effect on the tax treatment of the Debtor.

### Issue

Whether this court has jurisdiction to determine the Debtor's right to file a consolidated tax return with its subsidiary for California Franchise Tax purposes.

### Discussion

The Board relies on 11 U.S.C. § 106 and *Hoffman v. Connecticut Department of Income Maintenance,* —— U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) for the proposition that the Board has not waived

---

1. We inadvertently issued our prior opinion and order on August 20, 1990, after argument, but prior to the time subsequently allowed to the Board to file a brief. *In re Sharon Steel Corpo-ration,* 118 B.R. 30 (Bankr.W.D.Pa.1990). We vacated the August 20, 1990 order so as to revisit the matter.

sovereign immunity and, therefore, asserts that we lack jurisdiction.

§ 505 of the Bankruptcy Code, 11 U.S.C. § 505, gives this court jurisdiction to "determine the amount or legality of any tax ... whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction," unless the amount or legality of the tax was "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the [bankruptcy] case."

The focal point of this tax issue is the proposed decombination of the Debtor's wholly-owned subsidiary, Mueller Brass Company, from the Unitary Group. A determination of the component members of the Unitary Group determines the Debtor's tax liability, as the Debtor's tax liability is predicated upon the combined income of the members of the Unitary Group.

This is unlike the situation involved in cases cited by the Board, where the taxing body asserts a penalty against an officer or shareholder of the Debtor or a tax assessment against other non-debtors where the resolution has no effect on the assets or liabilities of the debtor. *See Quattrone Accountants, Inc. v. Internal Revenue Service*, 895 F.2d 921 (3rd Cir.1990); *American Principals Leasing Corp. v. United States*, 904 F.2d 477 (9th Cir.1990); and *In re Brandt Airflex*, 843 F.2d 90 (2d Cir. 1988).

While there may be limits on bankruptcy court jurisdiction over the affairs of a wholly-owned subsidiary, we think it clear that the debtor's right to be included with such subsidiary in a unitary group for tax purposes, if otherwise entitled thereto by applicable law, involves a determination of the amount or legality of a tax on the debtor, a matter within the jurisdiction conferred by § 505.

11 U.S.C. § 106 provides for a limited waiver of sovereign immunity in bankruptcy cases. § 106(c) codifies *In re Gwilliam*, 519 F.2d 407 (9th Cir.1975) and *In re Dolard*, 519 F.2d 282 (9th Cir.1975), permitting the Bankruptcy Court to determine the amount and dischargeability of tax liabilities owing by the Debtor prior to or during a bankruptcy case whether or not the governmental unit to which such taxes are owed files a proof of claim. *See* 124 Cong. Rec. 32394 (1978) (statement of Rep. Edwards); *id.*, at 33993 (statement of Sen. DeConcini).

In *Hoffman*, the Supreme Court determined that § 106(c) did not authorize monetary recovery from the states in a preference action. The *Hoffman* Court establishes, however, that a bankruptcy court can determine the amount or legality of any tax:

> The language of § 106(c)(2) is more indicative of declaratory and injunctive relief than of monetary recovery. The clause echoes the wording of sections of the Code such as § 505, which provides that "the court may determine the amount or legality of any tax," 11 U.S.C. § 505(a)(1), a determination of an issue that obviously should bind the governmental unit but that does not require a monetary recovery from a State.

In a similar fact situation involving the Board, the Bankruptcy Court for the Central District of California assumed jurisdiction under 11 U.S.C. § 505 to determine the component members of the unitary group, and the District Court affirmed on appeal. *In re Newedge*, No. LA 87–01467, slip op. (Bankr.C.D.Cal. June 12, 1989), *aff'd.*, CV No. 89–4653–R, slip op. (C.D.Cal. January 31, 1990).

Accordingly, we find that the Bankruptcy Court has jurisdiction over this matter. An appropriate order will be entered.