**In the Matter of MILLER FARM-HOME OIL SERVICE, INC., and Ronald & Sonjia Miller, Debtors.**

**Bankruptcy Nos. BK86-2539, BK88-40283.**

United States Bankruptcy Court, D. Nebraska.

April 19, 1991.

William Needler, Ogallala, Neb., for debtors.

David Edward Cygan, Assistant Atty. General, 2115 State Capitol Building, Lincoln, Neb., for State of Neb.

Jerry Jensen, Omaha, Neb., for U.S. Trustee.

### JOURNAL ENTRY

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This matter comes before the court to consider the State of Nebraska's attempt to withdraw its proof of claims from these bankruptcy proceedings in order that it may then rely on its sovereign immunity under the Eleventh Amendment.

The State of Nebraska filed proof of claims in this bankruptcy case on October 2, 1986, in the amount of $113,333.87, on November 5, 1986, in the amount of $3,436.53, and on June 28, 1988 in the amount of $138,364.84. The State objected to confirmation of debtors' plan (Fil. # 103), participated in the preparation and filing of a pretrial statement (Fil. # 170), participated in a settlement conference held by the court, and otherwise actively participated in this bankruptcy case. In October, 1990, the State of Nebraska unilaterally announced that it had withdrawn its proof of claims and that it was asserting its sovereign immunity. See the Court's order dated October 9, 1990 (Fil. # 254). In March 1990, the State filed Withdrawal of Claims (Fil. # 223, # 224, # 225). The debtor filed a Motion for Status Hearing on Withdrawal of Claim (Fil. # 263) by which it objects to the State of Nebraska withdrawing its claims and asserts that the attempted withdrawal was not in accordance with Bankruptcy Rule 3006. A hearing was held on December 18, 1990, at which time the State and the debtor were given time to file supporting briefs.

Based on the briefs filed, it appears that the parties may have misinterpreted the legal consequence of their respective positions. The State of Nebraska appears to believe that unless the State files a proof of claim, the bankruptcy court lacks jurisdiction to determine the amount of its claim for taxes and to grant an order discharging its tax claim. The State thus concludes, that by withdrawing its proof of claims and objection to confirmation, it will deprive the bankruptcy court of jurisdiction and the State will not be bound by the terms of debtors' plan, if confirmed. Debtor seems to agree with the State's theory and opposes withdrawal of the State's proof of claims.

In *Hoffman v. Conn. Dept. of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 2823, 106 L.Ed.2d 76 (1989), the Supreme Court stated that under 11 U.S.C. § 106(c), "a State that files no proof of claim would be bound, like other creditors, by discharge of debts in bankruptcy, including unpaid taxes, ... but would not be subjected to a monetary recovery." *See also, Neavear v. Schweiker*, 674 F.2d 1201, 1204 (7th Cir.1982). Explaining this point, the Supreme Court stated that § 106(c)

"echoes the wording of sections of the Code such as § 505, which provides that 'the court may determine the amount or legality of any tax,' 11 U.S.C. § 505(a)(1), a determination of an issue that obviously should bind the governmental unit but that does not require a monetary recovery from a State. We therefore construe § 106(c) as not authorizing monetary recovery from the States."

*Hoffman, supra.* The Eleventh Amendment only precludes a debtor's affirmative monetary recovery against a State that has not filed a proof of claim. The Eleventh Amendment does not prevent a State's claim from being disallowed and discharged under the Bankruptcy Code, even in the absence of the State having filed a proof of claim. *See Brooks Fashion Stores, Inc. v. Michigan Employment Security Commission (In re Brooks Fashion Stores, Inc.)*, 124 B.R. 436 (Bankr.S.D.N.Y.1991).

Accordingly, if the State of Nebraska's proof of claims are withdrawn, the bankruptcy court still has jurisdiction to

**628**

determine the amount of the tax claims, and the debtors obligations to the State of Nebraska could be discharged under the Bankruptcy Code. *See Agnew v. Franchise Tax Board (In re Sharon Steel Corp.),* 119 B.R. 502 (Bankr.W.D.Pa.1990) (bankruptcy court may determine the amount and dischargeability of liabilities whether or not the governmental unit files a proof of claim). Thus, the State of Nebraska will be bound by a confirmed plan of reorganization and its tax claim is subject to discharge under 11 U.S.C. § 1141.

I conclude that the parties should be provided an opportunity to reconsider their respective positions de novo.

IT IS THEREFORE ORDERED, that:

1. The proof of claims of the State of Nebraska shall be deemed as still pending.

2. If the State of Nebraska still desires to withdraw its proof of claims, it must do so in accordance with Bankruptcy Rule 3006, by filing a new motion within thirty (30) days hereof.

3. The trial under § 505 to determine the amount of tax liability is still pending. If the State of Nebraska does not withdraw its proof of claims, the Clerk of the Bankruptcy Court shall schedule the § 505 issue for status hearing.