In re **NEW YORK INTERNATIONAL HOSTEL, INC., Debtor.**

**MINHLONG ENTERPRISES, INC., Plaintiff,**

v.

**NEW YORK INTERNATIONAL HOSTEL, INC., and 43rd Street Development Corp., Defendants.**

**43RD STREET DEVELOPMENT CORP. and Common Ground Community HDFC, Inc., as successor-in-interest, Third–Party Plaintiffs,**

v.

**TIME PLAZA, INC., (previously known as Castle Development), Tran Dinh Truong, Bac Tran, Tho Tran, and Alphonse Hotel Corp., Third–Party Defendants.**

**Bankruptcy No. 88 B 11286(TLB). Adv. No. 91–5065A.**

United States Bankruptcy Court, S.D. New York.

July 15, 1992.

Donovan Leisure Newton & Irvine by A. Peter Lubitz, New York City, for Common Ground Community HDFC, Inc.

Bruce Roswick, New York City, for 43rd Street Development Corp.

Alan H. Lichtenberg, P.C., New York City, for Tran Dinh Truong, Bac Tran and Alphonse Hotel Corp.

Harold, Salant, Strassfield & Spielberg by Gary Mitchel Sash, White Plains, N.Y., for Tho Tran and Time Plaza, Inc.

Silverberg Stonehill & Goldsmith, P.C. by Clyde Schaefer, New York City, for Minhlong Enterprises, Inc.

Epstein Becker & Green, P.C. by Ephraim Leibowitz, New York City, for debtor.

TINA L. BROZMAN, Bankruptcy Judge.

In this procedurally peculiar adversary proceeding, I am asked by the plaintiff and the third party defendants whether I possess the requisite subject matter jurisdiction to complete what the plaintiff began. The jurisdictional question first surfaced during oral argument on a motion for partial summary judgment seeking to declare the invalidity of two leases which were entered into postpetition, without court approval, while the debtor still owned a certain hotel and before the case was converted to a chapter 7 liquidation. For the reasons which I will discuss, I believe that my subject matter jurisdiction has not been properly invoked in the third party action, which must be dismissed, and that the defendant moving for summary judgment in the main action has no standing to assert the counterclaim for invalidity of the lease on which summary judgment is sought.

### I.

So many of the facts as are necessary to deal with the jurisdictional question are of record in the orders in this bankruptcy case or otherwise undisputed. The relevant history begins on June 10, 1988, when New York International Hostel, Inc. (the debtor), then the owner and operator of a single room occupancy hotel in the Times Square vicinity of Manhattan (the Hotel), filed a chapter 11 petition. Not long after the filing, the debtor's sole shareholder granted a stock proxy to third party defendant Tran Dinh Truong (Truong). Pursuant to this proxy, Truong installed himself as president of the debtor in possession and for a time ran its affairs and its business. Truong contracted with Alphonse Hotel Corp. (Alphonse), another third party defendant which is owned by Truong, to fund, manage and control the Hotel. Lest the wrong light be cast on what was occurring, this was done with the participation of the various creditor constituencies, both secured and unsecured. Alphonse was to operate the Hotel pursuant to two agreements, a Management Agreement and a Funding Agreement, which Truong had negotiated with the debtor and its creditor constituencies. The aim of all this was the eventual purchase of the Hotel by Truong or Alphonse. These agreements were entered into on November 23, 1988 but I did not approve them until February 15, 1989 after a lengthy trial at which I considered the propriety of vesting such control in Alphonse. (The creditors who had appeared were in favor of court approval of the agreements; certain tenants were not.)

During his stewardship, by himself or through Alphonse, Truong caused the debtor to enter into two leases, the first with third party defendant Time Plaza, Inc. (Time Plaza) (then owned in part by

Truong's son, third party defendant Bac Tran) and the second with Minhlong Enterprises, Inc. (Minhlong). Court approval was not sought for either of these leases, the first of which was executed six weeks before I approved the Management and Funding Agreements.

All was not smooth with the operation of the Hotel; in December, 1989, Alphonse withdrew from management and New York City (which was housing many homeless families at the Hotel), installed an emergency administrator in and funded certain expenses of the Hotel. Efforts to sell the Hotel were not fruitful. Because no prospective purchaser was willing to enter into a contract, I scheduled an auction for June 14, 1990. No acceptable third party bids were received, as a result of which 43rd Street Development Corp. (43rd Street), the first mortgagee and a defendant in this adversary proceeding, credit bid pursuant to Section 363(k) of the Bankruptcy Code, 11 U.S.C. § 363(k), the full amount of its claim and agreed to fund certain limited expenses of administration of the estate (see the transcript of the auction at page 32 and the order dated August 7, 1990 approving the sale.) Although I authorized the sale to 43rd Street or its nominee on August 7, 1990, the closing did not occur for several months. During the interregnum between the auction and closing, 43rd Street paid for the maintenance of the Hotel. When the sale actually closed, title was taken not by 43rd Street but by Common Ground Community HDFC, Inc. (Common Ground), a not-for-profit corporation which was 43rd Street's assignee and is a third party plaintiff here.

On January 9, 1991, some two months before sale of the Hotel closed, Minhlong commenced this adversary proceeding against the debtor and 43rd Street for a declaration that its lease was valid. The debtor defaulted but Minhlong did not seek judgment by default. On March 7, 1991, joined by Common Ground, which called itself a defendant but had not been named as one, 43rd Street answered the complaint,

asserting a counterclaim against Minhlong seeking to avoid its lease under 11 U.S.C. § 549 and granting use and occupation to the debtor for Minhlong's asserted improper use of premises at the Hotel. 43rd Street and Common Ground also commenced a third party action against Truong, Alphonse, Bac Truong, Time Plaza and Tho Tran (a principal of Minhlong). That action seeks to (i) invalidate the Time Plaza lease under § 549, (ii) recover damages for the estate of $50,000 because of an unauthorized transfer by the debtor and (iii) grant 43rd Street and Common Ground administrative claims against the debtor's estate arising out of their prosecution of this action.[1] The third party defendants raised in their answer, among other affirmative defenses, improper commencement of a third party complaint under Fed.R.Civ.P. 14(a). On that same date that they answered, April 4, 1991, I converted the debtor's case to a liquidation under chapter 7. Although a trustee has been appointed, he has not appeared in this action.

Subsequently, Common Ground moved for partial summary judgment on the issue of the invalidity of the Time Plaza and Minhlong leases. At oral argument, the third party defendants and Minhlong questioned my subject matter jurisdiction in light of the sale of the Hotel. I asked for further briefing on the issue and entertained additional argument.

## II.

The grant of bankruptcy jurisdiction is contained in 28 U.S.C. § 1334. Subsection (b) confers on the district court "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." This jurisdiction of the district court over "proceedings arising under title 11 or arising in or related to a case under title 11 [may] be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

A civil proceeding arising under title 11 has been described as "one involving a cause of action which either is cre-

---

1. Although relief is sought against the debtor's estate in the third party complaint, no cross claim is pleaded against the debtor nor is the debtor a party to the third party action.

ated by title 11 or which is concerned with what are called 'matters concerning the administration of the estate' in 28 U.S.C. § 157(b)(2)(A), in the sense that no adverse third party is involved ..." 1 L. King, *Collier on Bankruptcy*, 91 3.01 at 3–27 (15th ed. 1992). Actions to recover fraudulent transfers, avoiding actions brought under section 544(b) of the Code and actions to recover postpetition transfers under section 549 arise under title 11 since they could not be brought in the absence of a bankruptcy case. *Id.* at 3–28. Analytically, an action to declare invalid a debtor's grant of a lease because of lack of notice or court approval is an action to avoid a postpetition transfer and, as such, it would arise under title 11. *See In re Baker*, 118 B.R. 24 (Bankr.S.D.N.Y.1990) ("a post-petition lease which is out of the ordinary course of business and which is not authorized either by the Bankruptcy Code or the court can be disregarded pursuant to 11 U.S.C. § 549(a), which provides for the voiding of unauthorized postpetition transfers by the debtor.")

As a result, when the main and third party actions were commenced and the debtor still owned the Hotel, I plainly would have had subject matter jurisdiction had the debtor or, by substitution, its chapter 7 trustee sought to avoid the transfers. The rub here is that the entities seeking to avoid the transfers are not the debtor, its trustee or its creditors' committee. They are rather (i) the first mortgagee which credit bid the entire amount of its claim against the estate and thus is no longer a creditor of the debtor's estate and (ii) the first mortgagee's assignee, who took title to the Hotel but who is otherwise a stranger to this bankruptcy case, being not a creditor, a contract vendee of the debtor or a bidder at the auction. And that brings me squarely to the question of standing.

■ Because standing is jurisdictional under Article III of the United States Constitution, it is a threshold issue in all cases—putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court. *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 117 (2d Cir.1991) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471–76, 102 S.Ct. 752, 757–61, 70 L.Ed.2d 700 (1982)). The requirements of Article III are not satisfied merely because a party requests a court of the United States to declare its legal rights. *Valley Forge*, 454 U.S. at 471, 102 S.Ct. at 757. The concept of standing subsumes a blend of constitutional requirements and prudential considerations. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). Article III requires the party who invokes the court's authority to show that he suffered some actual or threatened injury as a result of the defendant's illegal conduct, that the injury can be traced to the challenged action and that it is likely to be redressed by a favorable decision. *Valley Forge*, 454 U.S. at 472, 102 S.Ct. at 758. The prudential considerations have been judicially engrafted onto the Article III requirements for standing. Among those considerations are two which are of particular relevance in this adversary proceeding: (i) a party must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties, *Valley Forge*, 454 U.S. at 474, 102 S.Ct. at 759; *Warth*, 422 U.S. at 499, 95 S.Ct. at 2205; *Shearson Lehman*, 944 F.2d at 118 and (ii) the plaintiff's complaint must fall within the zone of interests to be protected or regulated by the statute at issue. *Valley Forge*, 454 U.S. at 475, 102 S.Ct. at 760; *Association of Data Processing Service Orgs. v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970); *In re James Wilson Associates*, 965 F.2d 160, Bankruptcy Law Reports (CCH) ¶ 74,636 at 78,713 (7th Cir. 1992); *Rovira v. AT & T*, 760 F.Supp. 376 (S.D.N.Y.1991).

■ Looking first at the Article III requirements, it cannot be said that either 43rd Street or Common Ground was injured by the asserted unauthorized postpetition granting of leases. 43rd Street bid in its mortgage and thereby satisfied its debt in full. Common Ground is wholly unaffected by how the debtor administered its estate since it is not a party in interest in the

bankruptcy case. Moreover, Common Ground took title to the Hotel as the debtor owned it, albeit free and clear of the liens, if any, of taxing authorities and of the second and third mortgagees. The order authorizing the transfer makes no representation regarding the leases and does not commit the debtor to seek to avoid the leases.

■ The two prudential considerations described earlier lead inexorably to the conclusion that 43rd Street and Common Ground lack standing to assert the avoidability of the leases under section 549. Section 549 like the other avoidance sections of the Code reposes in a trustee (or in a debtor in possession exercising the powers of a trustee pursuant to 11 U.S.C. § 1107(a)), the ability to avoid a postpetition transfer that is unauthorized by the Code or the court. The cases are too many to mention which stand for the proposition that an avoidance claim is not assignable to a third party for the benefit of that party. *Mellon Bank (East), N.A. v. Glick, (In re Integrated Testing Products Corporation )*, 69 B.R. 901 (D.N.J.1987); *Foster Development Co. v. Morning Treat Coffee Co. (In re Morning Treat Coffee Co.)*, 77 B.R. 62 (Bankr.M.D.La.1987); *United Capital Corp. v. Sapolin Paints, Inc., (In re Sapolin Paints, Inc.)* 11 B.R. 930 (Bankr. E.D.N.Y.1981). Much has been written about whether parties in interest other than the trustee or debtor in possession may exercise avoidance powers for the benefit of the estate. Indeed in *Unsecured Creditors' Committee v. Noyes (In re STN Enterprises )*, 779 F.2d 901, 904 (2d Cir. 1985), our own court of appeals held that an unsecured creditors' committee has an implied, but qualified, right with the approval of the bankruptcy court to initiate adversary proceedings in the name of the debtor in possession when the debtor in possession unjustifiably fails to bring suit or abuses its discretion in not suing. But the *STN* panel emphasized that not only must the committee present a colorable

claim, the court "must also examine, on affidavit and other submission, by evidentiary hearing or otherwise, whether an action asserting such claim(s) is likely to benefit the reorganization estate." *Id.* at 905. Other courts have inferred that an individual creditor can be granted standing to bring suit on behalf of the estate if the same factors are met as the Second Circuit expressed in *STN. See, e.g., Spring Service Texas, Inc. v. J.R. McConnell (In re McConnell )*, 122 B.R. 41, 44 (Bankr. S.D.Tex.1989); *First Alabama Bank v. Shelby Motel Group, Inc. (In re Shelby Motel Group, Inc.)*, 123 B.R. 98, 102 (N.D.Ala.1990); *In re V. Savino Oil & Heating Co., Inc.,* 91 B.R. 655 (Bankr. E.D.N.Y.1988).

I have never authorized the Creditors' Committee or any creditor to bring this avoidance action. Remember that this is a chapter 7 case and that a trustee has been appointed. No showing has been made that the trustee unjustifiably refused or improperly determined not to sue. These claims which 43rd Street and Common Ground press belong to the estate for assertion by that trustee.[2] *In re Ciavarella,* 28 B.R. 823, 825 (Bankr.S.D.N.Y.1983) (creditor lacks standing to exercise avoidance powers under section 549); *American National Bank v. Mortgage America Corp. (In re Mortgage America Corp.)* 714 F.2d 1266, 1275–76 (5th Cir.1983) (avoidance actions under § 544 pass to the trustee and may not be asserted by an individual creditor); *cf. A.P. Industries, Inc. v. S.N. Phelps & Company (In re A.P. Industries, Inc.),* 117 B.R. 789 (Bankr. S.D.N.Y.1990) (debentureholder enjoined from prosecuting as a class action fraudulent transfer claim belonging to estate and held in contempt for violating automatic stay in bringing action).

■ The touchstone in determining whether to allow someone other than the trustee or debtor in possession to bring the suit is whether the creditors will be suffi-

---

**2.** Nothing in this opinion is meant to express any view on whether the estate is time-barred from seeking to avoid the leases. Nor is this opinion meant to comment on whether Common Ground has any bases under applicable nonbankruptcy law to challenge the validity of the leases.

ciently benefitted that the suit ought be allowed to proceed. *See STN*, 779 F.2d at 905. Avoiding the Minhlong and Time Plaza leases, assuming that there is a basis to do so, will not only be of no benefit to the creditors of this estate, since the property has been sold, but it will have no effect whatsoever on the estate. Only Common Ground, who is not even a creditor, will be rewarded, notwithstanding that it cannot be said that Common Ground was injured by the debtor's asserted dereliction. Because the very purpose of avoidance actions is to augment the estate for the benefit of all its creditors (rather than to grant the debtor or a third party a windfall), *Vintero Corp. v. Corporacion Venezolana de Fomento (In re Vintero Corp.)*, 735 F.2d 740, 742 (2d Cir.), *cert. denied* 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984), and because avoidance of the leases will not have that effect, it cannot be said that 43rd Street and Common Ground are within the zone of interests meant to be protected by 11 U.S.C. § 549. In essence, Common Ground is seeking to assert, as though they had been assigned to Common Ground, claims which could not have been so assigned. Even in those instances where a debtor under a confirmed chapter 11 plan tries to bring an avoidance action which will benefit only the debtor and not its creditors, its efforts to avoid the transaction will be stymied. *See Join–In International (U.S.A.) Limited v. New York Wholesale Distributors Corp. (In re Join–In International (U.S.A.) Limited)*, 56 B.R. 555, 560–61 (Bankr.S.D.N.Y.1986); *Whiteford Plastics Co. v. Chase National Bank*, 179 F.2d 582, 584 (2d Cir.1950) (case under former Bankruptcy Act). Common Ground is entitled to no more.

Accordingly, the third party complaint is dismissed. Minhlong has standing to seek a ruling from this court respecting the validity of its lease. Thus it may, if it wishes, substitute the trustee, who is an indispensable party to its action, for the debtor. *See* Fed.R.Bankr.P. 2012 and 6009. Should Minhlong fail to substitute the trustee within 20 days of entry of an order consistent with this decision, its action, too, must be dismissed because the existing de-

fendants have no standing to assert the estate's claims.

SETTLE Order.