Gleb **GLINKA, Esq., Trustee, Banque Nationale de Paris (Canada) and Howard Hoppenheim, Trustee in Bankruptcy for Robojo, Inc., Plaintiffs,**

v.

**ABRAHAM AND ROSE COMPANY LTD.** f/k/a 142761 Canada Inc., Abraham and Rose, Inc. f/k/a Abraham & Rose, Inc., Federal Plastics Manufacturing Ltd., and Abraham Murad, Defendants.

Nos. 2:93–cv–291, 2:93–cv–329 and 2:93–cv–361.

United States District Court, D. Vermont.

July 24, 1996.

Gleb Glinka, Glinka & Schwidde, Cabot, VT, for plaintiff Gleb Glinka, trustee.

Andre Denis Bouffard, Downs, Rachlin & Martin, P.C., Burlington, VT, for plaintiffs Banque Nationale de Paris (Canada), Howard Hoppenheim, Trustee in bankruptcy for Robojo, Inc.

R. Jeffrey Behm, Sheehey Brue Gray & Furlong, Burlington, VT, for defendants Abraham and Rose Company Ltd., Abraham and Rose, Inc. and Abraham Murad.

Norman Charles Williams, Gravel & Shea, Burlington, VT, for defendant Federal Plastics Mfg. Ltd.

## OPINION AND ORDER

SESSIONS, District Judge.

Pending before the Court are Defendant Federal Plastics Manufacturing Ltd.'s ("Federal Plastics") Motion to Dismiss (paper 56), Amended Motion to Dismiss (paper 72), and Motion to Strike Plaintiffs' Supplemental Memorandum (paper 80). In its Motion to Dismiss, Federal Plastics has moved to dismiss Counts I, II, IV, V, VI, and IX[1] of Plaintiffs' Third Amended Complaint for lack of subject matter jurisdiction. Federal Plastics has also moved to dismiss Plaintiffs Banque Nationale de Paris (Canada) ("BNP") and Howard Hoppenheim from all claims. In its Amended Motion to Dismiss, Federal Plastics has added lack of personal jurisdiction as a further ground for dismissal. In its Motion to Strike, Federal Plastics has asked this Court to disregard Plaintiffs' third Supplemental Memorandum in Opposition to its Amended Motion to Dismiss on the grounds of excessive briefing in violation of the Local Rules. For the reasons stated below, Federal Plastics' Motion to Dismiss is GRANTED

---

1. Federal Plastics actually moved to dismiss Count XI. Because Count XI does not assert a claim against Federal Plastics, and Federal Plastics' argument for dismissal is relevant to Count IX, the Court will treat Federal Plastics' motion as directed against Count IX.

in part and DENIED in part. Federal Plastics' Amended Motion to Dismiss is DENIED. Federal Plastics' Motion to Strike is DENIED.

## FACTUAL BACKGROUND

Although the factual background of this adversary proceeding has been thoroughly recited in previous opinions in this and related cases (familiarity with which is assumed), the following facts are relevant to the issues before the Court.

Housecraft Industries, U.S.A., Inc. ("Housecraft"), a manufacturer and assembler of housewares and plastic products formerly operating from a plant in St. Albans, Vermont, filed a petition for relief under Chapter 11 of Title 11 U.S.C. in the United States Bankruptcy Court on October 29, 1991. The petition was converted by the Bankruptcy Court to Chapter 7 on March 17, 1992, and Gleb Glinka, Esq. ("Trustee") was appointed trustee on March 18, 1992.

The Plaintiffs here are Trustee, BNP, and Howard Hoppenheim, Trustee in Bankruptcy for Robojo, Inc. ("Trustee–CDN"). BNP is a Canadian banking corporation with its principal place of business in Montreal, Province of Quebec, and is the primary secured creditor of Housecraft. Robojo, Inc. ("Robojo"), a Canadian importer of housewares and plastic products, is undergoing bankruptcy proceedings in Canada, for which Trustee–CDN was appointed trustee.

The Defendants are Abraham and Rose Company Ltd. ("A & R Ltd."), Abraham and Rose, Inc. ("A & R Inc."), Abraham Murad and Federal Plastics. The Plaintiffs contend that Murad was an officer and a director of Housecraft and Robojo, and that he also controlled the A & R companies. Federal Plastics is a Canadian plastics manufacturing company that has done business with Housecraft.

This adversary proceeding commenced with the filing of Trustee and BNP's Complaint for Turnover of Property against A & R Ltd. and A & R Inc. on April 15, 1992. The action was prompted by the seizure pursuant to warrant of property from a warehouse in Plattsburgh, New York leased by A & R Inc. The warrant was issued in connection with a criminal investigation into bankruptcy crimes involving Housecraft. The complaint alleged that the property in question belonged to the estate of Housecraft, and sought turnover of the seized property, an accounting of property the A & R companies had received from Housecraft, and judgment for the value of any Housecraft property sold by the A & R companies. Included in the property seized were several thousand 52–piece dinnerware sets.[2]

On May 12, 1992, Federal Plastics moved to intervene in the adversary proceeding, and asked the Bankruptcy Court to find that the Housecraft estate had no interest in the dinnerware sets. The Motion to Intervene was granted December 2, 1992. Federal Plastics was directed to deposit $100,000.00 with Trustee as security against any subsequent judgment involving the sets or Federal Plastics, and was permitted to take and sell the sets.[3]

2. It is now conceded by all parties that the dinnerware sets seized in the Plattsburgh warehouse were not the property of the Housecraft estate. Plaintiffs now contend that the dinnerware sets were property of the Canadian bankruptcy estate of Robojo.

3. The Bankruptcy Court's order in pertinent part stated as follows:

2. Federal shall deposit with the Chapter 7 Trustee, as escrow agent, the sum of One Hundred Thousand U.S. Dollars ($100,000.00) (the "Security Fund") forthwith, as security [sic] any judgment on claims arising from or relating to:

a) the claims of the Plaintiffs with respect to the 10,136 boxes containing 46–piece or 52–piece homemaker sets (the "Sets") seized by the Federal Bureau of Investigation ("FBI") on or about April 3, 1992 from a warehouse in Plattsburgh, New York;

b) other claims which any of the Plaintiffs may assert by amendment of the pleadings in this action against Federal, including any claims which Plaintiff BNP has directly or as the holder of a security interest in the accounts receivable of the Debtor and/or the Debtor in Possession;

c) any claims that the Canadian Trustee in Bankruptcy of Robojo Inc. (Housecraft Industries), may assert by amendment of the pleadings in this action against Federal;

The Security Fund, together with interest accruing thereon, shall be held by the Trustee solely in his capacity as an escrow agent and shall not constitute property of the estate. The

On February 26, 1993, the Bankruptcy Court allowed Plaintiffs to file a Second Amended Complaint.[4] The Second Amended Complaint added Trustee–CDN as a Plaintiff, and added Federal Plastics, Abraham Murad, Roy Murad and Allen Stern as Defendants.[5] The allegations of the complaint were considerably expanded to allege "a pervasive and flagrant fraud" upon creditors of Housecraft and Robojo, in which Federal Plastics "was a willing participant." Second Amended Complaint, ¶¶ 11, 12. The focus of the complaint ceased to be the turnover to Housecraft of property seized by the FBI, but shifted and widened to allege a wholesale diversion of Housecraft assets by the Murads and Federal Plastics.

On August 5, 1993, the Defendants jointly moved to withdraw the reference of this proceeding to the Bankruptcy Court. In an Opinion and Order filed June 6, 1994, then-Chief Judge Parker granted the motion to withdraw the reference, pursuant to 28 U.S.C. § 157(d). *Glinka v. Abraham and Rose Co.*, No. 93–cv–291 (D.Vt. June 6, 1994).

The Plaintiffs had moved to amend their complaint a third time on December 17, 1993, to drop Defendants Stern and Roy Murad from the complaint, to assert a claim for constructive trust on the security posted by Federal Plastics for the release of the dinnerware sets, and to eliminate any request for money damages based on the dinnerware sets. The motion was granted by the district court on July 21, 1994.

The allegations of wrongdoing in the Third Amended Complaint break down into four categories of conduct: one, fraudulent conveyance of Housecraft property to Federal Plastics and A & R Ltd., both pre- and post-petition; two, conversion of Housecraft property by Federal Plastics after the petition date; three, wrongful interference with and misappropriation of Housecraft's contractual rights by Federal Plastics; four, conversion of Robojo assets by Federal Plastics and other Defendants.

On March 23, 1995, Federal Plastics moved to dismiss all counts of the complaint which pertain to it for lack of subject matter jurisdiction, and also to dismiss BNP and Trustee–CDN as plaintiffs on the ground that they lack standing. Federal Plastics subsequently amended its motion to assert lack of personal jurisdiction on September 21, 1995.

Plaintiffs filed opposition to Federal Plastics' Motion to Dismiss on April 25, 1995 (paper 59). Federal Plastics filed a response on May 24, 1995 (paper 62). Plaintiffs then filed a supplemental memorandum in opposition on August 16, 1995 (paper 68). Federal Plastics filed another response on September 18, 1995 (paper 71). Plaintiffs filed opposition to Federal Plastics' Amended Motion to Dismiss on October 20, 1995 (paper 74). Federal Plastics filed a reply on November 14, 1995 (paper 75). Plaintiffs filed another supplemental memorandum in opposition to Federal Plastics' Motion to Dismiss on November 14, 1995 (paper 76). Federal Plastics filed another response on December 8, 1995 (paper 78). Plaintiffs filed yet another memorandum in opposition to the amended motion to dismiss on January 26, 1996 (paper 79). Federal Plastics then moved to strike the memo on the grounds of excessive briefing in violation of Local Rule 5(a)(2). Plaintiffs oppose the motion.

On April 19, 1995, Trustee moved in the bankruptcy case for nunc pro tunc ratification of an Agreement between Trustee and Banque Nationale De Paris (Canada) for Joint Prosecution of the adversary proceeding. The motion was heard in Bankruptcy Court on May 31, 1995, and was granted, over Defendants' objections. An Order approving the motion issued June 1, 1995. Federal Plastics moved for leave to appeal the order. Permission to appeal has this date been denied in a separate order.

---

Security Fund shall be held until such time as there is a final Court Order directing disbursement.
Bankruptcy Court Order dated 12/2/92.

**4.** A First Amended Complaint had been filed on April 24, 1992.

**5.** Roy Murad and Allen Stern are the son and son-in-law of Abraham Murad, and were involved in the operations of the Murad companies.

**490**

## DISCUSSION

### I. Subject Matter Jurisdiction

Five of the six counts at issue in the Third Amended Complaint (Counts I, II, IV, V and VI) concern pre- and post-petition sales of plastic "Nutribar" containers by Federal Plastics to Santé Naturelle ("Santé"), a Canadian company, which sells Nutribars. Count IX concerns the dinnerware sets asserted to be the property of the bankruptcy estate of Robojo.

■ In considering a motion to dismiss for lack of subject matter jurisdiction, the complaint is viewed liberally and the court accepts as true all uncontroverted material facts alleged in the complaint. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1350, 1363 (1990).

### A. 28 U.S.C. § 1334(b) Jurisdiction

■ Jurisdiction over bankruptcy matters is "grounded in and limited by statute." *Celotex v. Edwards*, — U.S. —, —, 115 S.Ct. 1493, 1498, 131 L.Ed.2d 403 (1995). Section 1334(b) of Title 28 U.S.C. provides that the district courts shall have original but not exclusive jurisdiction of all civil proceedings 1) arising under title 11, or 2) arising in or 3) related to cases under title 11.

#### 1. "Arising under" and "Arising in" Jurisdiction.

■ "Arising under" jurisdiction covers any cause of action created by Title 11. *Silverman v. General Ry. Signal Co. (In re Leco Enterprises)*, 144 B.R. 244, 248 (S.D.N.Y.1992). Thus, this Court has jurisdiction over any count in the Third Amended Complaint that relies on Title 11 for its cause of action.

■ Of the challenged counts, Counts I, II and IV, alleging fraudulent transfer of Nutribar containers and fraudulent transfer of the Santé supply contract to Federal Plastics, assert causes of action under 11 U.S.C. § 548(a) or § 549. Fraudulent conveyance claims have been held to "arise under" title 11. *See Boss–Linco Lines, Inc. v. Laidlaw Trans. Ltd. (In re Boss–Linco Lines, Inc.)*, 55 B.R. 299 (Bankr.W.D.N.Y.1985); *Minh-*

*long, Enter. Inc. v. New York Int'l Hostel, Inc. (In re New York Int'l Hostel, Inc.)*, 142 B.R. 90 (Bankr.S.D.N.Y.1992), *rev'd in part on other grounds*, 157 B.R. 748 (S.D.N.Y. 1993). Counts I, II (to the extent the trustee is seeking to avoid transfer of estate property) and IV assert causes of action which "arise under" title 11; as to these counts, Federal Plastics' Motion to Dismiss is Denied.

■ "Arising in" jurisdiction encompasses causes of action that arise only in bankruptcy cases, "matters not based on any right expressly created by title 11, but that would have no existence outside of the bankruptcy." *Silverman*, 144 B.R. at 248. In Count II, Plaintiffs assert that, post-petition, Housecraft transferred Nutribar containers to Federal Plastics with the understanding that these shipments would generate collectible receivables from Federal Plastics. They further assert that BNP was granted a post-petition lien on these receivables by the bankruptcy court, that payment for the containers was collected from Santé, and that Federal Plastics is now indebted to BNP for that amount.

Count II thus also appears to be a creditor's claim that by its nature could arise only in the context of a bankruptcy case. *Id.* at 249. Since Count II asserts a cause of action which "arises in" a case under title 11, Federal Plastics' Motion to Dismiss is Denied as to this count on this ground as well.

#### 2. "Related to" Jurisdiction.

■ "Related to" jurisdiction includes causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, *see Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); and suits between third parties which have an effect on the bankruptcy case. *See Celotex*, — U.S. —, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995).

■ A "related" matter, for purposes of subject matter jurisdiction, is one in which the outcome of the proceeding could have any conceivable effect on the bankruptcy estate. *Publicker Indus. Inc. v. United States (In re Cuyahoga Equipment Corp.)*, 980 F.2d

110, 114 (2d Cir.1992). "Related to" jurisdiction is to be broadly interpreted to include all matters connected with the bankruptcy estate. *Celotex,* — U.S. at ——, 115 S.Ct. at 1499. An action is "related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Hunnicutt Co. v. TJX Co. (In re Ames Dep't Stores, Inc.),* 190 B.R. 157, 160 (S.D.N.Y. 1995) (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)).

▋ "Related to" jurisdiction is not limitless, however, and proceedings that have no effect on the debtor are not within the jurisdiction of the bankruptcy courts. *Celotex,* — U.S. at —— n. 6, 115 S.Ct. at 1499 n. 6.

Federal Plastics argues that if Plaintiffs prevail on the challenged counts, the primary secured creditor, BNP, rather than the Debtor Housecraft, will be entitled to any and all amounts recovered, and that therefore the outcome of the proceeding could have no conceivable effect on the bankruptcy estate. However, Counts I, II and IV are based on violations of the Bankruptcy Code, and clearly are "connected with the bankruptcy estate." *Id.* at ——, 115 S.Ct. at 1499.

▋ Counts V and VI involve claims of conversion and intentional misappropriation of rights under the Santé supply contract by Federal Plastics. These are "non-core" state common law claims, *see Abraham and Rose,* slip op. at 21, which are neither civil proceedings arising under Title 11, nor arise in a case under Title 11. This Court has jurisdiction over these claims if the claims could have any conceivable effect on the bankruptcy case. *Cuyahoga Equipment,* 980 F.2d at 114.

▋ On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may resolve factual issues by reference to evidence outside the pleadings without conversion to a Rule 56 motion for summary judgment. *Antares Aircraft, L.P. v. Federal Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Valente v. Moore Business Forms,* 596 F.Supp. 1280, 1287 (D.Vt.1984).

Trustee avers that if there is any recovery on these counts, by agreement between Trustee and BNP, the estate will obtain the first $15,000.00 after payment of litigation-related expenses. The estate and BNP are to share in any additional recovery that may be awarded. Glinka Aff. ¶ 5, attached to Plaintiffs' Memorandum in Opposition to Motion to Dismiss (paper 59).

The conversion and misappropriation claims, as well as the claims based on provisions of the Bankruptcy Code, are related to the bankruptcy case because the outcome has the potential to affect the estate of the debtor, and to alter the distribution of the debtor's estate to BNP and other creditors. Because the challenged counts involve claims which conceivably could affect the bankruptcy case, the Court has "related to" jurisdiction over the claims, and Federal Plastics' Motion to Dismiss is Denied.

### B. *Supplemental Jurisdiction under 28 U.S.C. § 1367*

Federal Plastics also seeks dismissal of Count IX on the ground that this Court lacks supplemental jurisdiction under 28 U.S.C. § 1367 to hear claims involving Robojo.[6]

▋ Supplemental jurisdiction over claims is available when the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the United States Supreme Court stated that the claims at issue must share a "common nucleus of operative fact" with the claims over which jurisdiction is proper. *Id.* at 725, 86 S.Ct. at 1138.[7]

---

6. The parties agree that this Court lacks § 1334(b) jurisdiction over Count IX, because the outcome of litigation over this claim could have no conceivable effect on the Housecraft estate.

7. *Gibbs* involved a pendent state law claim. Count IX does not. However, case law quoting and interpreting *Gibbs* following the enactment of 28 U.S.C. § 1367 appears to conclude that

In *Cuyahoga Equipment,* the Second Circuit made clear that if a district court has jurisdiction over claims "related to" bankruptcy under 28 U.S.C. § 1334(b), it possesses supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims that are in turn related to the bankruptcy claims. *Cuyahoga Equipment,* 980 F.2d at 115. In that case, a debtor in bankruptcy sought approval in the district court of a settlement agreement which involved both bankruptcy and environmental claims under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Affirming the approval of the agreement, the Second Circuit wrote that the environmental causes were so intertwined with the bankruptcy claims as to form part of the same case because all of the claims concerned the government's attempts to remedy hazardous substance releases at a defunct liquor distillery and to secure a share of the proceeds of sale of the site as recompense for the costs of cleaning up the site. *Id.*

■■■ Given the facts in the instant case, however, this Court finds that it does not have supplemental jurisdiction over the claim involving the property of the Robojo estate. The facts presented in support of Count IX allege the following: Robojo contracted to buy the dinnerware sets from a company in Indonesia, and obtained a letter of credit for the purchase. Robojo's letter of credit expired without Robojo having purchased the sets. When Robojo went into bankruptcy in Canada, the management (members of the Murad family) failed to disclose the existence of the contract to Trustee–CDN. Instead, the complaint asserts, Abraham Murad worked with Federal Plastics to buy the dinnerware sets for the new Canadian Murad company, A & R Ltd. Trustee–CDN seeks the imposition of a constructive trust on the $100,000.00 which was posted by Federal Plastics in part to secure the release of the dinnerware sets.

Plaintiffs have not shown that Count IX is so related to the claims involving Housecraft property and contractual rights that they form part of the same case. 28 U.S.C. § 1367(a). Count IX involves dinnerware sets imported from Indonesia to which various Canadian companies have laid claim. The other claims in the Third Amended Complaint (with the exception of Count VIII, which is addressed below) involve Housecraft's contract to supply plastic Nutribar containers, the transfer of the containers themselves, and the transfer of Housecraft's inventory and equipment to A & R Ltd.

The only common facts between Count IX and the Housecraft counts are that the dinnerware sets were seized in the same raid that captured the goods asserted to be part of Housecraft's inventory, and that Federal Plastics and the Murads are alleged to be players in both the scheme involving the dinnerware sets and the scheme involving the Nutribar containers. The evidence to be presented in a trial of the Robojo claim would not be substantially similar to the evidence involving property of the Housecraft estate.

By contrast, the cases cited by Plaintiffs involve state and federal claims that have virtually indistinguishable facts. *See Promisel v. First American Artificial Flowers, Inc.,* 943 F.2d 251 (2d Cir.1991) (state age discrimination claim derives from same nucleus of operative fact as federal age discrimination claim), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992); *White v. County of Newberry, South Carolina,* 985 F.2d 168 (4th Cir.1993) (state law claim of inverse condemnation and federal CERCLA claim both alleged hazardous waste contamination caused by the County); *LaSorella v. Penrose St. Francis Healthcare Sys.,* 818 F.Supp. 1413 (D.Colo.1993) (state claims of promissory estoppel/breach of contract and federal ADEA claim arise from common facts).

Even though the claims in the Third Amended Complaint all involve allegations of misconduct by Abraham Murad and his family, the Court finds that it does not have

---

*Gibbs* 's reasoning applies to any pendent nonfederal claim. *See e.g., Mars Inc. v. Kabushiki–Kaisha Nippon Conlux,* 24 F.3d 1368, 1374–75 (Fed.Cir.1994) (concluding that claim of Japanese patent infringement did not derive from a common nucleus of operative fact with United States patent infringement claim).

supplemental jurisdiction over claims involving Robojo that do not involve Housecraft.

The fact that the dinnerware sets were at one time mistakenly claimed to be part of the Housecraft bankruptcy estate does not supply federal jurisdiction over disputes concerning the property. *See Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 789 (11th Cir.1990) (once property ceases to be part of bankruptcy estate, further disputes concerning the property have no conceivable effect on the estate). To be sure, the $100,000.00 security fund posted by Federal Plastics is within the Court's control, but only to the extent that the fund is security for any judgment which Plaintiffs may legitimately obtain against Federal Plastics, for example a judgment against Federal Plastics for conversion of the Santé supply contract. If, however, there is no subject matter jurisdiction over claims involving the dinnerware sets because they never belonged to the estate, there is no subject matter jurisdiction over security posted to satisfy a potential judgment concerning the dinnerware sets.

Federal Plastics' Motion to Dismiss is Granted as to Count IX.[8]

The Court will also dismiss Count VIII sua sponte. Count VIII is brought by Trustee–CDN against Abraham Murad as Secretary/Treasurer and a Director of Robojo for breach of fiduciary duty to Robojo. It is undisputed that this claim is the property of the bankruptcy estate of Robojo, and that Housecraft has no interest that could be affected by the suit.

■ For the same reasons that this Court lacks supplemental jurisdiction over Count IX, this Court lacks supplemental jurisdiction over Count VIII. The claims involving Robojo do not form part of the same case or controversy as the claims involving Housecraft, and a trial of the Robojo claims would involve substantially different facts and evidence than will be presented in a trial of the Housecraft claims. A court may raise the issue of lack of subject matter jurisdiction sua sponte, and must dismiss where

jurisdiction is lacking. *United Food & Commercial Workers Union Local 919 v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994). Accordingly, Count VIII of the Third Amended Complaint is Dismissed for lack of subject matter jurisdiction.

## II. *Standing*

### A. *BNP*

■ Federal Plastics has moved to dismiss BNP from the suit. Normally, only the trustee or debtor in possession has standing to bring an avoidance action under § 548 or § 549. *Minhlong Enter. Inc. v. New York Int'l Hostel, Inc. (In re New York Int'l Hostel, Inc.),* 157 B.R. 748, 753 (S.D.N.Y.1993); *In re v. Savino Oil & Heating Co.,* 91 B.R. 655, 657 (Bankr.E.D.N.Y.1988). The Bankruptcy Code does not specifically enable an individual creditor to pursue a claim on the estate's behalf in a Chapter 7 case. *In re United Stairs Corp.,* 176 B.R. 359, 366 (Bankr.D.N.J.1995).

■ When the trustee or debtor in possession unjustifiably refuses to act, however, courts have allowed the official creditors' committee or other appropriately designated party to bring suit on behalf of the estate. *Unsecured Creditors Committee v. Noyes (In re STN Enter.),* 779 F.2d 901, 904 (2d Cir. 1985). An individual creditor has been permitted to bring a suit to set aside a transfer upon a showing that the trustee lacked funds and therefore refused to file the suit. *William B. Tanner Co. v. United States (In re Automated Bus. Sys., Inc.),* 642 F.2d 200 (6th Cir.1981).

Courts have also permitted individual creditors and creditors' committees to intervene in adversary proceedings. *995 Fifth Ave. Assoc. v. New York Dep't of Taxation (In re 995 Fifth Ave. Assoc.),* 157 B.R. 942 (S.D.N.Y.1993); *Longfellow Indus., Inc. v. Blumberg (In re Longfellow Indus., Inc.),* 76 B.R. 338 (Bankr.S.D.N.Y.1987) (citing *Official Unsecured Creditors' Committee v. Michaels (In re Marin Motor Oil, Inc.),* 689

---

8. Because the Court has ruled that it lacks supplemental jurisdiction under 28 U.S.C. § 1367(a), it will not consider whether it would

be appropriate to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

F.2d 445 (3rd Cir.1982), *cert. denied,* 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983); *Fuel Oil Supply and Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283 (5th Cir.1985)).

In *STN,* a Chapter 11 case, the Second Circuit directed courts considering whether to allow creditors' committees to bring suit to determine first whether the suit presented "a colorable claim or claims for relief that on appropriate proof would support a recovery." *STN,* 779 F.2d at 905. Second, courts are to consider, in deciding if the debtor or trustee unjustifiably failed to bring suit, whether the action is likely to benefit the estate. *Id.*

In the instant case, the Bankruptcy Court issued an order nunc pro tunc permitting the joint prosecution by Trustee and BNP of claims against the Defendants in the adversary proceeding. From the transcript of the hearing it can be gleaned that the Bankruptcy Court considered that the adversary proceeding presented colorable claims for relief. It found that the case was "a no asset case," and that the action was in the best interest of the estate. Transcript of Hearing, May 31, 1995; Order filed June 1, 1995.

What the Bankruptcy Court did not find, because it could not, was that Trustee had failed to bring suit. On the contrary, Trustee in this case promptly filed suit on behalf of the estate, and has vigorously pursued the action, in conjunction with BNP, since April of 1992. However, it is uncontested that the Housecraft estate lacks the resources to pursue this adversary proceeding on its own. Glinka Aff. ¶ 3.

In *Chittenden Trust Co. v. Sebert Lumber Co. (In re Vermont Toy Works, Inc.),* 82 B.R. 258 (Bankr.D.Vt.1987), *rev'd on other grounds,* 135 B.R. 762 (D.Vt.1991), mentioned by the Bankruptcy Court as precedent for a joint prosecution, the attorney for a creditor was permitted to represent the trustee in a contested matter. In that case, the trustee moved to intervene in a creditor's complaint for declaratory judgment that a prepetition repossession was not property of the estate. Because the creditor's attorney was familiar with the complexities of the case, the trustee consented to, and the court approved of, the creditor's attorney representing the trustee.

The Bankruptcy Court specifically found that the trustee was unwilling to pursue a trial of the matter because the estate lacked funds.

*Vermont Toy* is not directly on point. In the instant case, there has been no finding that Trustee has been unwilling or unable to pursue this suit. Moreover, the Bankruptcy Court's order permitted a joint prosecution, by counsel for Trustee and for BNP, as opposed to merely allowing the trustee in effect to hire the creditor's attorney as special counsel. *Vermont Toy,* 135 B.R. at 767 n. 3.

Nevertheless, this Court finds that under the circumstances the *STN* conditions have been met, and that BNP has standing to continue to prosecute this suit. First, the Court agrees with the Bankruptcy Court that this suit presents colorable claims for relief. Second, it is uncontested that Housecraft lacks the resources to pursue this suit on its own. Should BNP be dismissed from the suit, Trustee would therefore be unwilling or unable to proceed, and BNP could petition for permission to continue the suit on behalf of the estate.

Third, the Court agrees with the Bankruptcy Court that the action may benefit the estate. The creditor is bearing the cost of the litigation. Under the terms of the joint prosecution agreement, in order to be reimbursed out of any recovery, litigation expenses must be "reasonable." Glinka Aff. ¶ 3. Any application for attorneys' fees will be subject to judicial scrutiny. If their suit is successful, the plaintiffs have agreed upon their respective shares of any recovery, with the intention of avoiding additional litigation over BNP's ability to assert a security interest in a recovery.

Because the suit presents colorable claims for relief; because Trustee would have failed to pursue the suit without the assistance of BNP; and because there is no net financial burden on the bankruptcy estate, BNP is entitled to standing under *STN.* 779 F.2d at 905–06. Federal Plastics' motion to dismiss BNP as party-plaintiff is Denied.

### B. *Trustee–CDN*

Federal Plastics has also moved to dismiss Trustee–CDN for lack of standing. For the

reasons stated in Section I.B., above, this Court lacks subject matter jurisdiction over Trustee–CDN's claims, and those claims have been dismissed.

Article III of the United States Constitution requires that a party who invokes the court's authority have suffered actual injury redressable by the court. *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982). *See also, Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1091 (2d Cir. 1995). Because Trustee–CDN's claims for relief have been dismissed, Trustee–CDN is dismissed as a party-plaintiff in this case for lack of standing.[9]

### III. *Personal Jurisdiction*

▮ Federal Plastics filed an amended motion to dismiss on September 21, 1995, seeking dismissal of all counts against it for lack of personal jurisdiction. The Plaintiffs opposed the motion on several grounds: one, that Federal Plastics should not be permitted to amend its motion to dismiss without leave of court; two, that Federal Plastics moved to intervene in this proceeding, thereby subjecting itself to the court's jurisdiction; three, that Federal Plastics waived any personal jurisdiction defense by participation in the proceeding; four, that there is general jurisdiction over Federal Plastics because of its continuous and systematic business contacts with the forum. This Court agrees that Federal Plastics has waived this defense. Alternatively, this Court finds that it has specific jurisdiction over Federal Plastics. Accordingly, its motion to dismiss for lack of personal jurisdiction is Denied.

Fed.R.Civ.P. 12(h)(1) provides:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed.R.Civ.P. 12(g) provides:

A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Applying these two rules to the circumstances of this case, if Federal Plastics' defense of lack of jurisdiction over the person was available to it when it filed its motion to dismiss on March 23, 1995, its failure to include this ground for dismissal in its motion constitutes a waiver of this defense. In fact, Federal Plastics had raised this defense nearly two years previously, in its Answer to the Second Amended Complaint, filed May

---

9. The Plaintiffs have suggested that the Court may treat their January 1993 Motion to Amend Complaint, which sought to add Trustee–CDN as a party-plaintiff, as a motion to intervene as of right, pursuant to Fed.R.Civ.P. 24(a)(2). Plaintiffs' Memorandum in Opposition, filed April 25, 1995, at 18 (paper 59). The record reflects that the Motion to Amend was granted as unopposed. However, the Defendants maintained their opposition to Trustee–CDN's party status in their Motion to Strike Second Amended Complaint filed April 6, 1993, which the Bankruptcy Court denied May 10, 1993, without addressing the issue. The issue was apparently still alive on July 2, when the Bankruptcy Court directed the Defendants to file any jurisdictional motions by August 6, 1993. B.Ct. Docket no. 92–1027, docket entry dated July 2, 1993. At that point the Defendants moved to withdraw the reference from Bankruptcy Court. Then–Chief Judge Parker's order granting the motion noted that neither party had briefed the issue of jurisdiction over Trustee–CDN's claims, and assumed without deciding, for purposes of the motion, that jurisdiction existed. *Abraham and Rose,* slip op. at 22. It does not appear from the record that grounds for intervention as of right were ever demonstrated in either court. Nor in light of the record of opposition to Trustee–CDN's participation in this suit should it be inferred that Federal Plastics in some fashion waived its opposition to Trustee–CDN's party status. In any event, in light of the Court's dismissal of Counts VIII and IX, Trustee–CDN lacks standing under Article III of the Constitution.

24, 1993. Federal Plastics offered no explanation for the omission of this defense in its original Motion to Dismiss, nor did it seek permission from the Court to amend its motion. Instead, it simply filed an "Amended Motion to Dismiss" on September 21, 1995, some six months after its original motion was filed. Under the circumstances, the defense of lack of personal jurisdiction is waived. *See Arkwright Mut. Ins. Co. v. Scottsdale Ins. Co.*, 874 F.Supp. 601 (S.D.N.Y.1995); *Committe v. Dennis Reimer Co.*, 150 F.R.D. 495 (D.Vt.1993).

Even if Federal Plastics' amended motion were to be deemed timely, however, the Court finds that Federal Plastics subjected itself to the in personam jurisdiction of the court when it moved to intervene in this adversary proceeding on May 12, 1992, to litigate its right to the dinnerware sets. The Motion to Intervene was granted by the Bankruptcy Court on December 2, 1992.

And if Federal Plastics were deemed not to have subjected itself to the in personam jurisdiction of the Court by moving to intervene to secure possession of property which was never properly part of the bankruptcy estate, the Court finds that Federal Plastics subjected itself to the in personam jurisdiction of the court when it filed a proof of claim in the underlying bankruptcy case. "Every person submitting himself to the jurisdiction of the bankrupt court in the progress of the cause for the purpose of having his rights in the estate determined, makes himself a party to the suit." *Wiswall v. Campbell*, 93 U.S. 347, 351, 23 L.Ed. 923 (1876). *See also United States v. Bushnell*, slip op. at 7–8, Docket No. 1:95–cv–387 (D.Vt. July 10, 1996); *Kline v. Ed. Zueblin, AG (In re American Export Group Int'l Serv., Inc.)*, 167 B.R. 311 (Bankr. D.D.C.1994).

Furthermore, Federal Plastics has waived its defense of lack of personal jurisdiction through its extensive participation in the adversary proceeding. Federal Plastics moved to intervene in the adversary proceeding in May of 1992. By the time the Plaintiffs filed their Second Amended Complaint in January of 1993, it was clear that Housecraft no longer asserted any interest in the dinnerware sets. *See* Second Amended Complaint ¶¶ 70–83. Between January of 1993 and September of 1995, when it asserted its defense of lack of personal jurisdiction, Federal Plastics filed more than a dozen motions and memoranda on various issues in the adversary proceeding in bankruptcy and district courts; participated in several hearings in both courts; requested permission to appeal interlocutory orders of the bankruptcy court; and participated actively in discovery. Although Federal Plastics characterizes this activity as purely procedural, that does not justify the failure to raise the defense of lack of personal jurisdiction at any point in well over two years.

■ Nevertheless, should this extensive participation in the adversary proceeding not be deemed a waiver of lack of personal jurisdiction, the Court finds that it has personal jurisdiction over Federal Plastics. Before a court may exercise personal jurisdiction over a foreign defendant proper service of process or consent or waiver must be evident. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409–10, 98 L.Ed.2d 415 (1987). Effective service of process on Federal Plastics has not been disputed in this case. Therefore, the issue is whether the Due Process Clause of the Fifth Amendment permits the exercise of personal jurisdiction over Federal Plastics.

■ Under *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), a court may have in personam jurisdiction over a defendant that has purposefully established minimum contacts with the forum, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). Due process thus is satisfied if 1) a defendant has sufficient "minimum contacts" with the forum and 2) if the exercise of jurisdiction over a defendant is "reasonable." *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996).

■ In bankruptcy cases, the forum, for purposes of assessing minimum contacts, is the United States, and not the State where

the court presides. *Diamond Mortg. Corp. v. Sugar,* 913 F.2d 1233, 1244 (7th Cir.1990), *cert. denied* 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991); *Hirsch v. Vlerbaum (In re Colonial Realty Co.),* 163 B.R. 431, 433 (Bankr.D.Conn.1994).

■ Personal jurisdiction may be established over a defendant under the doctrines of general or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984).

Specific jurisdiction exists when 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum'; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts.

*Metropolitan Life,* 84 F.3d at 567–68 (quoting *Helicopteros,* 466 U.S. at 414–16 & nn. 8–9, 104 S.Ct. at 1872–73 & nn. 8–9). The Court finds that specific jurisdiction has been established.

The counts remaining against Federal Plastics allege fraudulent transactions between it and Housecraft, involving the shipment of plastic from Canada to Vermont and plastic containers from Vermont to Canada. The adversary proceeding arose directly from these transactions, which had a "substantial connection" with the forum. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479–80, 105 S.Ct. 2174, 2185–86, 85 L.Ed.2d 528 (1985) (franchise dispute grew out of contract which had substantial connection with forum, despite fact that there were minimal physical ties between defendant and forum).

■ In addition to finding that "minimum contacts" exist between Federal Plastics and the forum, the Court must satisfy itself that the exercise of jurisdiction would be "reasonable" under the circumstances. Several factors weigh in determining the reasonableness of the exercise of in personam jurisdiction.

A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'

*Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980)).

■ The burden in this case on the defendant to defend in this forum is slight; its offices in Montreal are not particularly distant. The interests of the forum are substantial, involving the ability of a trustee in bankruptcy to recover allegedly fraudulent transfers. The plaintiff's interest in obtaining relief is unmistakable; it is not clear whether plaintiff could obtain relief in the only other potential forum, Quebec. Although "great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field," *Asahi,* 480 U.S. at 115, 107 S.Ct. at 1034 (quoting *United States v. First Nat'l City Bank,* 379 U.S. 378, 404, 85 S.Ct. 528, 542, 13 L.Ed.2d 365 (1965) (Harlan, J., dissenting)), this is not a case in which the procedural and substantive policies of Canada are strongly implicated.

In contracting with Housecraft to sell plastic and buy plastic containers, Federal Plastics should have reasonably foreseen that it might be required to defend a suit in the United States arising out of its commercial relationship with Housecraft. "When a corporation purposefully avails itself of the privilege of conducting activities within the forum ..., it has clear notice that it is subject to suit there...." *World–Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567 (citation omitted). It is reasonable for Federal Plastics to be haled into the District of Vermont to answer to these allegations, and the requirements of specific jurisdiction have been satisfied. *Burger King,* 471 U.S. at 480, 105 S.Ct. at 2186.

Because Federal Plastics waived its defense of lack of personal jurisdiction, and because this Court has specific personal jurisdiction over Federal Plastics, its Amended Motion to Dismiss (paper 72) is Denied.

## IV. *Motion to Strike*

 Federal Plastics has moved to strike Plaintiffs's Supplemental Memorandum in Opposition to Defendant Federal Plastics' Amended Motion to Dismiss for Lack of Personal Jurisdiction (paper 79) on the grounds of excessive briefing in violation of Local Rule 5(a), and prejudice due to delay. Local Rule 5(a)(1) provides for written motions to be accompanied by "concise" memoranda or briefs. Local Rule 5(a)(2) provides time limits for filing briefs or memoranda in opposition to motions and for filing replies, if any, by the moving party. There is no express prohibition in the local rules against supplemental briefing; however the implication by the use of the term "concise" and the failure to provide deadlines for additional submissions is that parties will indulge in this practice rarely and only upon good cause. The better practice is to seek leave of court before filing supplemental briefs or memoranda; however, the Court will not employ the extreme sanction of striking Plaintiffs' memorandum, particularly since the Court finds that both parties have contributed to delay in this case. Federal Plastics' Motion to Strike (paper 80) is, accordingly, Denied.

## CONCLUSION

Defendant Federal Plastics' Motion to Dismiss (paper 56) is DENIED as to Counts I, II, IV, V, and VI, and GRANTED as to Count IX. The Court dismisses sua sponte Count VIII for lack of subject matter jurisdiction. The Motion to Dismiss BNP and Trustee–CDN is DENIED as to BNP and GRANTED as to Trustee–CDN. Defendant Federal Plastics' Amended Motion to Dismiss (paper 72) is DENIED. Defendant Federal Plastics' Motion to Strike (paper 80) is DENIED.