**In re RESERVE PRODUCTION, INC., Debtor.**

**Bankruptcy No. 94–60540–S.**

United States Bankruptcy Court,
E.D. Texas,
Tyler Division.

March 9, 1999.

Jason R. Searcy, P.C., Longview, TX and William Sheehy, Wilson, Sheehy, Knowles, Robertson & Cornelius, P.C., Tyler, TX, for Leonard W. Pipkin, Liquidating Trustee.

E.P. Kieffer, Burke, Wright & Kieffer, P.C., Dallas, TX, for Larry Sanders, et al.

Bill Clark, P.C., Tyler, TX, Interested Party, pro se.

### OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is the Amended Motion To Approve Joint Prosecution Agreement as Modified filed by Leonard W. Pipkin as Liquidating Trustee of the Reserve Production Liquidating Trust. This opinion constitutes the Court's findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and disposes of all issues before the Court.

### JURISDICTION

This Court has jurisdiction over the within proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). In addition, this Court has jurisdiction over the within matter pursuant to 11 U.S.C. § 105, the confirmed Plan of Reorganization and the Order Granting Motion To Reconsider And Vacating Final Decree entered on June 25, 1997.

### FACTUAL AND PROCEDURAL BACKGROUND

Reserve Production, Inc. (the "Debtor") filed a voluntary petition initiating this proceeding under Chapter 11 on May 26, 1994. On March 1, 1995, the Court confirmed the First Amended Joint Plan of Reorganization of the Debtor and the Official Committee of Unsecured Creditors (the "Plan"). The Plan created a Liquidating Trust charged with, *inter alia*, prosecution of certain claims and causes of action on behalf of the bankruptcy estate. Leonard Pipkin, who was accountant for the creditors committee of the pre-confirmation debtor, was appointed Liquidating Trustee of the Trust. The Plan having been confirmed and all property of the bankruptcy estate, as defined in 11 U.S.C. § 541, having vested in the Liquidating Trust, the case remains open largely for the purpose of the final resolution of pending litigation.

Included among the pending litigation over which this Court retained jurisdiction is adversary proceeding number A95–6030, styled *Leonard W. Pipkin, Liquidating Trustee for the Liquidating Trust and as Representative of the Estate of Reserve Production, Inc., and William T. "Bill" Clark v. Larry Sanders, Individually, Larry Sanders, Trustee and Full Boar Oil Tools, Inc. and L & D Properties* ("the Adversary") filed by William T. Bill Clark

("Clark") on April 11, 1995.[1] Clark filed the Adversary against Sanders, a former insider of the Debtor, seeking damages for fraudulent transfers, fraud, breach of joint venture agreement, breach of fiduciary duty and unjust enrichment through fraud. Clark and the Trust also sought imposition of a constructive trust, treble damages under 27.01 of the Texas Business and Commerce Code and punitive damages together with avoidance of the transfer. The Sanders matter and related litigation has been protracted and highly contested. The detailed history of the dispute has been set forth in several pleadings before this Court and the United States District Court for the Eastern District of Texas. The history of the underlying dispute, therefore, is incorporated herein by reference only.

This portion of the saga begins with this Court's entry of an order on August 27, 1996, after a hearing on the merits of the Motion To Approve Compromise Settlement Agreement with William "Bill" Clark, filed by the Liquidating Trustee seeking approval of an agreement. Following argument and proffering of evidence, Sanders' counsel withdrew the objection to the motion on the record and this Court entered its Order Approving Compromise Settlement Agreement with William T. "Bill" Clark. The terms of the settlement agreement approved by this Court contemplated and expressly included as a condition precedent, entry of an order by the Bankruptcy Court approving the Joint Prosecution Agreement entered into between Clark and the Liquidating Trust on or about January 26, 1996 (the "Joint Prosecution Agreement"). A copy of the Joint Prosecution Agreement was incorporated into the Motion To Approve Compromise Settlement Agreement both by reference and as an exhibit; under Rule 10 of the Federal Rules of Civil Procedure, it is made a part thereof for all purposes.

For whatever reason, on February 9, 1998, the Liquidating Trustee filed his Amended Motion to Approve Joint Prosecution Agreement as Modified seeking this Court's approval of the Joint Prosecution Agreement and the addendum to same entered into on March 14, 1997, i.e., the date of the hearing on the Compromise Settlement Agreement (the "Motion to Approve"). Thereafter, Larry Sanders, Full Boar Oil Tools, Inc. and ITTZ, Inc. ("the Objecting Parties") filed a Response to the Amended Motion To Approve Joint Prosecution Agreement and Brief in Opposition To The Approval Of The Joint Prosecution Agreement asking that this Court deny the relief. The Motion to Approve came before the Court pursuant to regular setting and was taken under advisement at the conclusion of the trial on the merits.

## DISCUSSION

■ The Liquidating Trustee asserts that the Joint Prosecution Agreement should be approved because approval of the Joint Prosecution Agreement, which was attached as an exhibit to the Motion To Approve Compromise Settlement Agreement, was inadvertently omitted and it should have been approved with the Compromise Settlement Agreement. The Liquidating Trustee also believes that the Joint Prosecution Agreement should be approved because, in conjunction with the Compromise Settlement Agreement, it reduces the expenses and obligations to be incurred in pursuing the litigation against Sanders, et al. Sanders and the other objecting parties (the "Objecting Parties") object to the approval of the Joint Prosecution Agreement saying that, if approved it would affect the substantive rights of the parties in violation of Rule 60(a) Fed. R.Civ.P., it constitutes assignment of avoidance actions and because Clark cannot represent the estate, for to do so con-

1. Clark was the original Plaintiff in the Adversary, having been designated the representative of the estate. Leonard Pipkin, as Liqui- dating Trustee was later substituted as the plaintiff in this action and Clark was allowed to intervene.

stitutes a modification of the confirmed Plan of Reorganization.

The Court has reviewed the record in this case at length[2] together with the arguments of counsel and evidence adduced at the hearing. The Court is of the opinion that the arguments posited by the Objecting Parties are wholly without merit. The prosecution of litigation by the Liquidating Trust was clearly contemplated under the confirmed Plan of Reorganization as well as under the Compromise Settlement Agreement, the objection to which was withdrawn by the Objecting Parties. There is no evidence before this Court that approval of the Joint Prosecution Agreement leads to results not contemplated under the Plan or that there was any other specific mechanism contemplated for the enforcement by the Liquidating Trustee of these causes of action.

The Court finds that the Objecting Parties have completely failed to provide evidence of any possible or potential detriment to the estate and its unsecured creditors that would inure as a result of the Court approving the Joint Prosecution Agreement.

The Objecting Parties' argument fails in additional respects. This Court is of the opinion that the evidence supports a finding that approval of the Joint Prosecution Agreement is the law of the case. On March 14, 1996, during the hearing on the Motion To Approve Compromise Settlement Agreement, the issue was raised as to whether approval of the Joint Prosecution Agreement was properly before that Court as a result of the integration of the motion with its exhibits, i.e., the Joint Prosecution Agreement and the Compro-

mise Settlement Agreement.[3] In the course of the hearing, Judge Abel informed the participants that he had referred to the Joint Prosecution Agreement "constantly" while reading the Settlement Agreement and "had to assume it was before the Court today in some manner." This Court believes and holds that any failure to expressly approve the Joint Prosecution Agreement, on March 14, 1996, was merely inadvertent and that by its approval of the Compromise Settlement Agreement, Judge Abel's Court approved the Joint Prosecution Agreement.

Even if the Joint Prosecution Agreement was not found by this Court to have previously been approved, approval of the Joint Prosecution Agreement is appropriate in this case. Courts have historically allowed a creditors committee or appropriately designated party to bring suit on behalf of the estate under two circumstances. Either when a trustee or debtor in possession refuses to act unjustifiably [*Unsecured Creditors Committee v. Noyes* (*In re STN Enter*), 779 F.2d 901, 904 (2d. Cir.1985)] or when the trustee lacked funds and therefore refused to file suit. *William B. Tanner Co. v. United States* (*In re Automated Bus. Sys., Inc.*), 642 F.2d 200 (6th Cir.1981). Prerequisite are that the suit represents a colorable claim or claims for relief that on appropriate proof would support a recovery. *Glinka v. Abraham And Rose Co., Ltd.*, 199 B.R. 484, 494 (D.Vt.1996) quoting from *In re STN Enter.*, 779 F.2d at 905. If the trustee or debtor has refused to bring the suit, the court should consider whether the action is likely to benefit the estate. *Id.*

In the case at bar, the debtor transferred the right to prosecute actions on

**2.** All proceedings in this case prior to March 2, 1998, were conducted before the Honorable C. Houston Abel. After his unfortunate death on that date, the case has continued before this Court.

**3.** The issue of whether the Court implicitly approved the Joint Prosecution Agreement when it approved the Compromise Settlement Agreement was raised again later and was

specifically reserved in the Court's Findings of Fact and Conclusions of Law Denying approval of Compromise and Settlement Agreement Between Liquidating Trust and Bill Clark entered on March 2, 1998. The March 2, 1998 Findings of Fact resolve the Emergency Motion To Approve Compromise Settlement Agreement filed March 14, 1997 with respect to a "new" agreement.

behalf of the estate to the Liquidating Trustee under the confirmed Plan of Reorganization; the Liquidating Trustee, standing in the shoes of the debtor, actively seeks approval of the Joint Prosecution Agreement and does so on the grounds that he believes it is in the best interest of the estate to do so. In that regard, the case at bar parallels the Glinka case. In *Glinka v. Abraham And Rose Co., Ltd., et al.,* 199 B.R. 484 (D.Vt.1996), the Debtor, Housecraft Industries, U.S.A., filed a Chapter 11. The case was converted to a Chapter 7 and a Trustee, Gleb Glinka, Esq., was appointed. Glinka and Housecraft's major secured creditor, Banque Nationale of Paris ("BNP") obtained Bankruptcy Court approval of a joint prosecution agreement and filed a turnover action against Abraham And Rose Co., Ltd., et al. ("Rose Defendants"). One Rose Defendant moved to dismiss BNP from the suit for lack of standing. The Glinka court, noting that the action might benefit the estate and that the creditor was bearing the cost of litigation, denied the Rose Defendant's Motion to Dismiss: "Because the suit represents colorable claims for relief; because the Trustee would have failed to pursue the suit without the assistance of BNP; and because there is no net financial burden on the bankruptcy estate, BNP is entitled to standing under STN." The order authorizing the joint prosecution agreement was affirmed on appeal. There has been adequate testimony before this court at several hearings upon which this Court can find that the suit represents colorable claims for relief and that the Liquidating Trustee would have failed to pursue the suit without the assistance of Clark. An essential feature and driving force underlying the Joint Prosecution Agreement is that it reduces the net financial burden on the estate. Accordingly, this Court believes that there is good cause to approve the Joint Prosecution Agreement. In summary, this Court holds that the Joint Prosecution Agreement has already been approved by Judge Abel and that the approval is the law of the case since it is a final order at this point. Even if that is not the case, then as outlined above, this Court holds that there is ample evidence to approve the original Joint Prosecution Agreement.

The Objecting Parties argue that the Liquidating Trustee is not permitted to convey an interest in an avoidance action to Clark, post confirmation, by independent motion after the case has been substantially consummated. This issue, on these specific facts, was tried before the Court on April 10, 1997 and the Court entered its Findings of Fact and Conclusions Of Law Denying Approval Of Compromise And Settlement Agreement And the Addendum.[4] Therefore, the parties are barred by collateral estoppel from retrying the issue.

The issue of the two proposed addenda to the Joint Prosecution Agreement and the First Amended Joint Prosecution Agreement urged under Bill Clark's Motion To Approve First Amended Joint Prosecution Agreement, filed August 14, 1998, remain, but can be disposed of based upon the law of the case. On March 2, 1998, the Court entered its Findings of Fact and Conclusions Of Law Denying Approval Of (the 2nd) Compromise And Settlement Agreement And the Addendum (the "Findings"). In the Findings, although the Court reserved the issue of whether the Court implicitly approved the Joint Prosecution Agreement[5] when it approved the Compromise Settlement Agreement, it spoke very clearly to the parties respecting further permutations of the prosecution. The Court said, "Knowing one's adversary and the adversary's counsel impacts trial strategy. Altering parties and counsel delays proceedings by chang-

---

4. This was a second compromise and settlement agreement filed after Judge Abel had approved the first one on March 14, 1996.

5. Judge Abel's death prevented him from ever ruling on this reserved issue so this Court has done so in this opinion.

ing discovery and pleadings. These adversary proceedings are old, and they need to be resolved. In this opinion the Court has reserved an issue, which is whether this Court implicitly approved the Joint Prosecution Agreement when it approved the Compromise Settlement Agreement. With the exception of this reserved issue, the Court will not entertain any other partial settlements which change parties or counsel. **Either the adversary proceedings will be tried in their present posture or they will settle.**" [Emphasis added.] This Court is of the opinion that the law of the case and the respect for judicial economy inherent in the Court's March 2, 1998 Findings constitute the denial of approval of the addenda to the original Joint Prosecution Agreement. This Court finds that the previous rulings by Judge Abel mandate the dismissal of Bill Clark's Motion To Approve First Amended Joint Prosecution Agreement, filed August 14, 1998. This attempt to further amend the Joint Prosecution Agreement already approved comes far too late in the process. As Judge Abel so eloquently stated in his earlier opinion, the addition of new permutations of the adversary proceeding only serve to delay an already too long delayed proceeding. Judge Abel was correct. These parties need to either try this case or dismiss it. Accordingly, the Motion to Approve the First Amended Joint Prosecution Agreement filed August 14, 1998, will be DENIED.

### CONCLUSION

For the foregoing reasons, this Court finds that the Amended Motion To Approve Joint Prosecution Agreement should be granted, but that approval of the addenda should be denied. For reasons contained in this Opinion an Order will be entered on same also disposing of Bill Clark's Motion To Approve First Amended Joint Prosecution Agreement, filed August 14, 1998.