In re MAK PETROLEUM,
INC., Debtor.

Gregory L. Atwater, as Chapter
7 Trustee, Plaintiff,

v.

The Light Korean Presbyterian Church
(Islington), and re/Max West
Realty, Inc., Defendants.

Bankruptcy No. 3:08–bk–2067–PMG.
Adversary No. 3:09–ap–435–PMG.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 11, 2010.

Rehan N. Khawaja, Jacksonville, FL, for Debtor.

Meghan R. Applegate, Raymond R. Magley, Smith Hulsey & Busey, Jacksonville, FL, for Plaintiff.

Nathan A. Carney, Trenam Kemker Scharf et. al., Tampa, FL, for Defendants.

Re/Max West Realty Inc., pro se.

## ORDER ON MOTION TO DISMISS COMPLAINT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Dismiss Complaint filed by the Defendant, The Light Korean Presbyterian Church (Islington)(the Church).

Gregory L. Atwater, as Chapter 7 Trustee (the Trustee), commenced this adversary proceeding by filing a Complaint to recover a deposit paid by the Debtor in connection with a Purchase and Sale Agreement. The Defendant is a Church located in Ontario, Canada.

In its Motion to Dismiss the Complaint, the Church asserts that it "does not have sufficient minimum contacts with the United States to subject it to the jurisdiction of this Court." (Doc. 9, p. 3).

### Background

The Debtor, Mak Petroleum, Inc., was engaged in the business of owning and operating a number of gas stations and convenience stores throughout Florida. (Main Case, Doc. 1).

The Defendant, The Light Korean Presbyterian Church (Islington)(The Church), is incorporated under the laws of Ontario, and has its principal place of business in Canada. (Doc. 6).

On November 18, 2006, the Debtor and the Church entered into an Agreement

pursuant to which the Debtor agreed to purchase real property located in Ontario, Canada, from the Church. Pursuant to the Agreement, the Debtor deposited the sum of $100,000.00 with Re/Max West Realty, Inc. in Ontario. (Docs.1, 6).

The sale of the property was not concluded. (Docs.1, 6).

On April 16, 2008, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code.

On August 21, 2009, the Trustee filed a Complaint against the Church to recover the deposit.

The Church subsequently filed a Motion to Dismiss the Complaint. (Doc. 9). In the Motion to Dismiss, the Church asserts that it "does not have sufficient minimum contacts with the United States to subject it to the jurisdiction of this Court."

### Discussion

■■■ The doctrine of personal jurisdiction places limits upon the Court's power to impose a binding and enforceable judgment on a party. *General Cigar Holdings, Inc. v. Altadis, S.A.,* 205 F.Supp.2d 1335, 1340 (S.D.Fla.2002)(citing *McGee v. Int'l Life Insurance Company,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)). The doctrine recognizes the individual liberty interests of parties by protecting them from the "unreasonable demands of litigating in a faraway forum." *In re Gentry Steel Fabrication, Inc.,* 325 B.R. 311, 316 (Bankr.M.D.Ala.2005)(quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 943–44 (11th Cir.1997)).

■■ In evaluating questions of personal jurisdiction, the Court must first determine whether a statute or rule provides a basis for the exercise of such jurisdiction. *In re Tirex International, Inc.,* 395 B.R. 182, 188 (Bankr.S.D.Fla.2008); *In re Federalpha Steel LLC,* 341 B.R. 872, 886 (Bankr.N.D.Ill.2006).

In bankruptcy cases, the basis for the exercise of a court's jurisdiction over a party is found in Rule 7004(f) of the Federal Rules of Bankruptcy Procedure. "Fed. R. Bankr.P. 7004(f) provides the procedural basis for personal jurisdiction over defendants in adversary proceedings pending before a bankruptcy court." *In re Maxon Engineering Services, Inc.,* 2009 WL 3052437, at *5 (Bankr.D.Puerto Rico). See also *In re Tirex International, Inc.,* 395 B.R. at 188, and *In re Federalpha Steel, LLC,* 341 B.R. at 887.

Rule 7004(f) of the Federal Rules of Bankruptcy Procedure provides:

**Rule 7004. Process; Service of Summons, Complaint**

. . .

**(f) PERSONAL JURISDICTION.** *If the exercise of jurisdiction is consistent with the Constitution and laws of the United States,* serving a summons or filing a waiver of service *in accordance with this rule* or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

F.R. Bankr.P. 7004(f)(Emphasis supplied).

Pursuant to Rule 7004(f), therefore, personal jurisdiction over a defendant may be established by serving a summons "in accordance with this rule." Service "in accordance with" Rule 7004 "may be made within the United States by first class mail postage prepaid." Fed.R.Bankr.P. 7004(b). See also, Rule 7004(d) of the Federal Rules of Bankruptcy Procedure, which provides that a summons "may be served anywhere in the United States." Fed.R.Bankr.P. 7004(d).

Second, in order to establish personal jurisdiction over a defendant pursuant to Rule 7004(f), the exercise of such jurisdiction must be "consistent with the Constitution and laws of the United States." Under this provision, it is generally recognized that the exercise of personal jurisdiction must comport with the Due Process Clause of the Fifth Amendment to the United States Constitution. "In an adversary proceeding pending before a bankruptcy court, Federal Bankruptcy Rule 7004(f) authorizes personal jurisdiction over defendants to the extent allowed under the Due Process Clause of the Fifth Amendment." *In re Tirex International, Inc.*, 395 B.R. at 188. See also *In re Maxon Engineering Services, Inc.*, 2009 WL 3052437, at *5, and *In re Federalpha Steel LLC*, 341 B.R. at 887.

■ The standard for determining whether a court's exercise of personal jurisdiction satisfies the due process requirements of the Constitution is well-established:

Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of court was prerequisite to its rendition of a judgment personally binding him. (Citation omitted). But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that *in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."* (Citations omitted).

*International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)(Emphasis supplied). "The basic inquiry is whether the defendant has established sufficient minimum contacts or some presence in the forum so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *In re Tirex International, Inc.,* 395 B.R. at 188.

■■ In order to satisfy this standard for personal jurisdiction, the defendant's contacts with the forum must be more than random, fortuitous, or attenuated. "Instead, the defendant must have 'purposefully avail[ed] itself of the privilege of conducting activities within the forum ...', thus invoking the benefits and protections of its laws.... The 'crucial inquiry' is whether the contacts with the forum are such that the defendant 'should reasonably anticipate being haled into court there.'" *In re Federalpha Steel LLC,* 341 B.R. at 887(quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) and *International Med. Group Inc. v. American Arbitration Ass'n, Inc.,* 312 F.3d 833, 846 (7th Cir. 2002)).

■ Finally, in bankruptcy cases, "the forum, for purposes of assessing minimum contacts, is the United States, and not the State where the court presides." *Glinka v. Abraham and Rose Company Ltd.,* 199 B.R. 484, 496–97 (D.Vt.1996). "A bankruptcy court may look beyond a non-resident defendant's 'minimum contacts' with a particular forum state to the defendant's aggregate contacts with the United States as a whole." *In re Tirex International, Inc.,* 395 B.R. at 188. See also *In re Plassein International Corp.,* 352 B.R. 36, 38–39 (Bankr.D.Del.2006)(The relevant question is whether the defendant has "minimum contacts" with the United States, rather than a particular state.).

## Application

■ In order to determine whether a defendant has established sufficient minimum contacts with the forum for due process purposes, "all of the facts must be considered in the aggregate. There is no mechanical or 'talismanic jurisdictional formulas' at the Court's disposal." *In re Banco Latino International,* 176 B.R. 278, 282 (Bankr.S.D.Fla.1994)(quoting *Burger King,* 471 U.S. at 485, 105 S.Ct. 2174.).

■ In this case, however, there is no indication in the record that the Church has had any contacts at all with the United States.

According to the Trustee's Complaint, this adversary proceeding arises from a Purchase and Sale Agreement pursuant to which the Debtor agreed to buy certain real property from the Church. The real property is located at 312–314 Rexdale Boulevard, Etobicoke, Ontario. (Doc. 1). In the Complaint, the Trustee seeks to recover a deposit paid pursuant to the Agreement. The deposit was paid to Re/Max West Realty, Inc. in Ontario, Canada. (Doc. 6, Paragraph 11).

In support of its Motion to Dismiss, the Church filed the Affidavit of Duk Keun Oh. (Doc. 6). Duk Keun Oh is the Elder and Treasurer of the Church. In the Affidavit, Duk Keun Oh attested:

1. The Church is incorporated under the laws of, and has its principal place of business in, Mississauga, Ontario, Canada. (Paragraph 2).

2. The Church operates one physical church which is located in Mississauga, Ontario, Canada. (Paragraph 3).

3. The Church does not operate, conduct, engage in, or carry on any business or business venture in the United States or have an office or agent in the United States. (Paragraph 4).

4. The Church has not committed a tortious act within the United States. (Paragraph 5).

5. The Church does not own, use, possess, or hold a mortgage or other lien on any real property in the United States. (Paragraph 6).

6. The Church has not contracted to insure any person, property, or risk located within the United States. (Paragraph 7).

7. The Church has not engaged in solicitation or service activities within the United States or processed, serviced or manufactured products, materials, or things used or consumed in the United States. (Paragraph 8).

8. The Church has not breached a contract in the United States by failing to perform acts required by the contract to be performed in the United States. (Paragraph 9).

9. The Church has not engaged in any other activity within the United States. (Paragraph 10).

(Doc. 6, Affidavit of Mr. Duk Keun Oh).

The Trustee has not disputed any of the statements set forth in the Affidavit of Duk Keun Oh. Further, the Trustee has not affirmatively presented any evidence, by way of affidavit or otherwise, of any contacts or associations that the Church has ever had with the United States. In fact, it is noteworthy that Khalid Mughal, the individual who signed the Chapter 7 petition as the president and sole owner of the Debtor, listed his personal address as 89 Willow Park Drive, Brampton, Ontario, Canada. (Main Case, Doc. 1, SOFA Questions 19, 21).

■ In response to the Church's Motion to Dismiss, the Trustee asserts only that the deposit is property of the estate, and that the Court should therefore be entitled to exercise its in rem jurisdiction

over the fund. As shown above, however, the Court retains the power to exercise in personam jurisdiction only over parties who have sufficient minimum contacts with the United States. Generally, federal courts lack the ability to require defendants who have no known contacts with the country to return property located across international borders. *In re International Administrative Services, Inc.*, 211 B.R. 88, 93 (Bankr.M.D.Fla.1997).

■ In summary, the Church submitted an Affidavit stating that it has not engaged in any activity in the United States, and the Affidavit has not been disputed by the Trustee. "It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210 (11th Cir.2009). The Trustee has not met its burden in this case, and the Court finds that it lacks personal jurisdiction over the Church.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Dismiss Complaint filed by The Light Korean Presbyterian Church (Islington) is granted as set forth in this Order.

2. The Light Korean Presbyterian Church (Islington) is dismissed from this action.